COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| IN THE INTEREST OF E. O., A CHILD. | § | No. 08-19-00261-CV |
| | § | Appeal from the |
| | § | 65th District Court |
| | § | of El Paso County, Texas |
| | § | (TC#2018DCM1157) |
| | § | |

## DISSENTING OPINION

I concur with the majority's assessment with respect to the *Anders* brief filed in Mother's appeal, and I join the majority opinion as to Mother. I also do not necessarily disagree with the majority opinion's analysis as to Alleged Father. If I believed that we were able to reach the merits of this dispute, I would likely vote to join the majority's analysis, as I find no flaw in its logic. However, I continue to believe that Alleged Father did not timely filed his appeal and that the previous panel's decision was erroneous for the reasons I stated in my dissent to the dismissal opinion. *See In re E.O.*, No. 08-19-00233-CV, 2019 WL 6111391, at *5-*6 (Tex.App.—El Paso Nov. 18, 2019, no pet.) (op. on reconsideration) (Rodriguez, J., dissenting). Further, because subject-matter jurisdiction is essential to a court's authority to dispose of cases and may be raised

at any time, even *sua sponte*,[1] and because the law of the case doctrine does allow a panel to reconsider a previous decision as a matter of discretion,[2] I do not believe the law of the case doctrine would bind us to the previous panel's decision here. I would again vote to dismiss Alleged Father's appeal.

Ultimately, the majority's position that this case should be affirmed on the merits and my position that this case should be dismissed for want of jurisdiction lead to the same outcome in this case as a practical matter—the termination order would stand as to Father under either theory, freeing E.O. for a potential adoption. But even though we end up arriving at the same destination, because I feel the need to reiterate my previous position in this case, even if only for the sake of consistency, I must respectfully dissent from colleagues' well-reasoned majority opinion as to the specific issue of jurisdiction over Alleged Father's appeal.


YVONNE T. RODRIGUEZ, Justice

January 17, 2020

---

[1] *City of El Paso v. Waterblasting Tech., Inc*, 491 S.W.3d 890, 904 (Tex.App.—El Paso 2016, no pet.).

[2] *Roman v. Ramirez*, 573 S.W.3d 341, 348 (Tex.App.—El Paso 2019, pet. denied)(noting that a panel can decline to apply the law-of-the-case doctrine if it finds that the earlier decision was "clearly erroneous").